JESS WAGGENER, PLAINTIFF-RESPONDENT, v. FIDELITY UNION TRUST CO., TRUSTEE, DEFENDANT-APPELLANT.

Submitted May 6, 1941—Decided September 3, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Wilbur A. Stevens* and *William Wann.*

For the respondent, *Sigmund Auerbach.*

The opinion of the court was delivered by

Donges, J.  Defendant appeals from a judgment in favor of the plaintiff entered in the District Court of the First Judicial District of the County of Hudson.  Plaintiff brought suit to recover for injuries alleged to have been sustained as the result of a fall on the sidewalk in front of premises owned by the defendant.  The evidence was to the effect, and the photographic exhibit shows, that the sidewalk was uneven in that some of the blocks of cement had sunk below the level of the others to the extent of approximately an inch.  Plaintiff tripped at this point and sustained her injuries.  The state of demand was in two counts.  The first alleged that prior to the ownership of the premises by defendant the sidewalk became broken and defective so as to constitute a public nuisance.  The second count alleged that the defendant "created, left and maintained" the sidewalk in a dangerous condition so as to become a nuisance.

At the trial, the ground of liability relied upon was that a former owner had made repairs or alterations to the sidewalk which resulted in the dangerous condition amounting to a nuisance which the defendant had maintained after coming into ownership of the property.  This was sought to be established by the testimony of the plaintiff and one other witness as to statements made to them by Mr. Kratz the superintendent of the apartment house on the premises and an employee of the defendant.  Plaintiff testified, over objection, that in a conversation with Kratz immediately after her fall "He said the former owner had some work done there and the sidewalk was left in that condition and that he had spoken of it several times and nothing had been done about it."  A witness Irving Lavine, a former tenant in the apartment house testified, likewise over objection, "* * * I told him that I thought that unless that was fixed people would get hurt as a result, and he said that that had been there quite a while and was done by somebody before the present owners got a hold of it and there was nothing he would do about it."

Kratz testifying for the defendant denied making these statements.  He had been superintendent for twenty years.

working for the defendant for the past seven years since it acquired title. He testified that the sidewalk had been disturbed but once in those twenty years and that was about ten years before the trial when wires were placed under the sidewalk by a utility company, which company, after its wires were laid, constructed an entire new sidewalk. When this sidewalk was laid it was level and over a period of years this depression gradually appeared, due he thought to the wear and tear of the elements. He was corroborated by another employee at the building.

We deem it necessary to consider only one of the questions raised in this court, namely the admissibility of the evidence of conversations with the superintendent as to repairs by a previous tenant which resulted in an alleged nuisance. The rule established in this state in the line of cases commencing with *Ashmore* v. *Pennsylvania Steam, &c., Co.,* 38 *N. J. L.* 13, is that statements by a general agent, in order to be evidence against his principal, must have been made in the course of the business entrusted to him, and statements of such an agent which, although relating to the business of the principal, were not made in the execution of the agency are not admissible.

A case very similar to the present one is *Raffetto* v. *Warner Bros. Theatres, Inc.,* 121 *N. J. L.* 333, where plaintiff sought to recover for injuries sustained in a fall on a stairway in a theatre. The claim was that she fell over a defective nosing on the stairs and the element of notice, actual or constructive, was a major one in the case. To establish notice, plaintiff and her husband testified to conversations with the manager of the theatre indicating knowledge on his part of the existence of the condition and an order for its repair which had not been executed. The court held this testimony was improperly admitted, saying "In the present case we are clearly of opinion that it was no part of the duty of the manager of the theatre to make statements to an injured party tending to show negligence of the defendant through its agent in failing to maintain the nosing strip in good order." To the same effect are *Thompson* v. *Giant Tiger Corp.,* 118 *Id.* 10, and *Van Allen* v. *Lobel,* 123 *Id.* 273, both decisions of the Court of Errors and Appeals.

Plaintiff contends that the point is not properly before this court because the objections to the questions were not timely, coming after the answers had been given. This is not true, however, as to the testimony of the witness Lavine.

We conclude that there was error in the admission of evidence requiring a reversal of the judgment and the awarding of a *venire de novo*.